UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**

FEB 17 2022

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                            INDICTMENT NO. 5:22-CR-19-DCR

JASON CATES

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

**COUNT 1**
**18 U.S.C. § 371**

1. Beginning on or about August 19, 2021, and continuing through on or about October 14, 2021, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**JASON CATES**

knowingly and intentionally conspired with others to commit an offense against the United States, to wit: transporting, transmitting, and transferring in interstate and foreign commerce goods, wares, merchandise, and money, of the value of $5,000 or more, knowing the same to have been stolen and converted, contrary to 18 U.S.C. § 2314.

**MANNER AND MEANS**

2. It was the primary goal of the conspiracy that **CATES** would burglarize businesses specializing in selling sports cards and sports collectables, take merchandise worth thousands of dollars, and then resell the merchandise to buyers over the internet.

3. The conspiracy targeted businesses located in states that border Tennessee, where **CATES** and his unindicted co-conspirator resided.

4. After completing the burglaries, **CATES,** along with his unindicted co-conspirator, transported the stolen sports merchandise across state lines to a location in Knoxville, Tennessee where **CATES** and the unindicted co-conspirator resided.

5. **CATES** then advertised the stolen merchandise online and arrange to sell the sports items to unwitting purchasers.

6. **CATES** arranged to receive payment electronically for the stolen merchandise and then ship the items to the purchasers in various locations around the United States.

## OVERT ACTS

In furtherance of the conspiracy and in order to affect its object, Defendant **CATES** and his unindicted co-conspirator committed and caused to be committed the following overt acts in the Eastern District of Kentucky and elsewhere:

7. On or about September 22, 2021, **CATES** and his unindicted co-conspirator drove together from Knoxville, Tennessee to Lexington, Kentucky.

8. In the early morning hours of September 23, 2021, **CATES** burglarized Kentucky Roadshow Shop (KRS), a retail business located in Lexington, Kentucky that specializes in the sale of sports cards and other sports collectables.

9. During the burglary of KRS, **CATES** stole a 2018-2019 Donruss Optic Basketball Card box, two Donruss Optic Football Asian Exclusive card boxes, and a case

of ten boxes of KRS in-house prepared baseball card mystery boxes. The approximate value of the stolen merchandise was $10,000.

10. After the KRS burglary, **CATES** rejoined his unindicted co-conspirator in Lexington and together they traveled, with the stolen merchandise, along a route generated by the unindicted co-conspirator back to Knoxville, Tennessee.

11. On or about September 23, 2021, **CATES** posted multiple pictures of sports cards on Facebook Marketplace, offering the items for sale. Some of the items had identifiable serial numbers that matched the serial numbers of KRS's stolen items.

12. When a prospective buyer on Facebook queried **CATES** about the provenance of his advertised sports cards, **CATES** responded, "Got everything real cheap, didn't have to pay full price, that's why I bought it all."

13. In the days follow September 23, 2021, **CATES** sold many of the stolen sports card to online buyers across the United States. He directed buyers to send electronic payment to the unindicted co-conspirator's PayPal account.

14. On September 23, 2021, **CATES** sold a Tops "1964 Ernie Banks" baseball card to a buyer, A.B., based in Newburgh, Indiana. After payment to his co-conspirator's PayPal account was received, **CATES** shipped the "1964 Ernie Banks" card on September 27, 2021, to A.B. using the U.S. Postal Service.

15. On or about October 4, 2021, **CATES** drove with his unindicted co-conspirator from Knoxville, Tennessee to Cartersville, Georgia.

16. On multiple occasions in and around October 4, 2021, through October 14, 2021, **CATES** burglarized Breaking Bangers, a sports card retail store located in

Cartersville, Georgia. Collectively, **CATES** stole merchandise from Breaking Bangers valued in excess of $200,000.

17. On or around October 14, 2021, **CATES** and his unindicted co-conspirator traveled back from Georgia to his apartment in Knoxville, Tennessee.

18. A subsequent search of **CATES's** apartment in Knoxville, Tennessee, turned up multiple items that had been stolen from Breaking Bangers, including some sports cards and merchandise containing the victim retailer's labels.

All in violation of 18 U.S.C. § 371.

## COUNT 2
## 18 U.S.C. § 2314

19. On or about September 24, 2021, in Lexington, Kentucky, in the Eastern District of Kentucky, and elsewhere,

### JASON CATES

knowingly transported, transmitted, and transferred in interstate and foreign commerce goods, wares, and merchandise having a value of $5,000 or more, that is, approximately 1,000 sports cards, knowing the same to have been stolen, converted, and taken by fraud within the meaning of 18 U.S.C. § 21, in violation of 18 U.S.C. §§ 2314.

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461(c)

20. The allegations contained in Counts One and Two of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 981(a)(l)(C), and 28 U.S.C. § 2461(c).

21. Upon conviction for the offenses alleged in Counts One or Two, **CATES** shall forfeit to the United States, pursuant to § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any and all property constituting or derived from the proceeds obtained directly or indirectly as a result of said offenses.

22. The property to be forfeited includes, but is not limited to, the following:

### MONEY JUDGMENT:

A forfeiture money judgment in the amount of a sum representing the gross proceeds in aggregate obtained by the **CATES** as a result of the violations alleged in Counts One and Two of this Indictment.

23. If any of the property subject to forfeiture, as a result of any act or omission of the Defendants,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), up to the value of the forfeitable property described above.

A TRUE BILL

███████████████████
FOREPERSON

_____
CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

## MAXIMUM PENALTIES

**COUNT 1:** Imprisonment for not more than 5 years; fine of $250,000 or twice the gross gain or loss from the conduct; and supervised release for 3 years.

**COUNT 2:** Imprisonment for not more than 10 years, fine of $250,000 or twice the gross gain or loss from the conduct, and supervised release for 3 years.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture as listed.