**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 5:22-CR-00019-DCR**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**V.**                <u>**SENTENCING MEMORANDUM**</u>

**JASON CATES**                                                        **DEFENDANT**

\* \* \* \* \*

In advance of the sentencing of Defendant Jason Cates, the United States submits the following sentencing memorandum. When imposing a sentence, the Court must select a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [section 3553(a)]." 18 U.S.C. § 3553(a). As this Court is familiar with the sentencing factors found in § 3553(a), the United States will not list or expound upon them here.

**BACKGROUND**

The Presentence Investigation Report (PSR) accurately summarizes both the facts of Cates's most recent conviction as well as the circumstances surrounding his previous conviction in the Eastern District of Tennessee for bank robbery. [PSR at para. 7-12, 36.] In committing the instant offense, the Defendant burglarized multiple businesses across four different states, stealing thousands of dollars in sports and related trading cards. [Id.

at para. 8-12.] The PSR also discusses Cates's non-federal criminal history, consisting of burglary and theft crimes dating back to 2003. [Id. at para. 30-34.] Once charged in this matter, Cates did fully accept responsibility in a timely manner and pled guilty without significant delay. Furthermore, during a debriefing with FBI agents, he was fully cooperative and even told the agents about a burglary in Michigan he committed in October 2021, which had not been previously identified or connected to Cates.

## SENTENCING FACTORS ANALYSIS

The United States asserts that the main § 3553(a) factors at issue in the instant case are the need for the sentence "to promote respect for the law" and "to afford adequate deterrence" both for those who might consider similar burglaries, but also to "protect the public from further crimes" by Cates, especially given his criminal history. 18 U.S.C. § 3553(a)(2).

### A. Respect for the Law

Defendant Cates's criminal history shows he has had more than a few brushes with the law. Even a federal sentence in 2015 for bank robbery was apparently not enough for Cates to maintain proper respect for the law. Indeed, he was still under supervised release from that conviction when he committed the burglaries in the instant case. No matter the financial need for committing these burglaries, all of Cates's actions were entirely deliberate and required forethought and planning. The sentence fashioned by the Court should take notice of the fact that Cates had repeated opportunities to end his burglary spree, but failed to do so, showing a continued lack of respect for the law.

**B. Establishing Deterrence**

As mentioned above, one of the main § 3553(a) factors for this Court to consider is the need to establish deterrence. Beyond general deterrence for those who might consider burglarizing sports cards stores and transporting such stolen merchandise across state lines, there is a need to deter Cates specifically. Clearly, Cates's previous sentences have not had the desired effect of turning him away from crime. Accordingly, the maximum term of five years for his conduct here is appropriate.

## CONCLUSION AND RECOMMENDATION

In this case, after considering all the sentencing factors and the Defendant's acceptance of responsibility, the United States requests the maximum five-year term of imprisonment and a 3-year term of supervised release.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:  /s/William P. Moynahan
     William P. Moynahan
     Assistant United States Attorney
     260 W. Vine Street, Suite 300
     Lexington, Kentucky 40507-1612
     william.moynahan2@usdoj.gov

## CERTIFICATE OF SERVICE

On October 20, 2022, I filed this motion via CM/ECF, which will send notice to all parties.

/s/ William P. Moynahan
Assistant United States Attorney
