**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 22-CR-19-DCR**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**                      **AGREED PRELIMINARY ORDER OF FORFEITURE**

**JASON CATES**                                              **DEFENDANT**

\*   \*   \*   \*   \*

Based on the Defendant's guilty plea to Count 1 of the Indictment [DE 1], and for the reasons stated at bar, the United States and Defendant Jason Cates submit this agreed preliminary order of forfeiture:

WHEREAS, the Defendant pled guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 371, Conspiracy to Commit the Offense of Transporting Stolen Goods in Interstate Commerce in violation of 18 U.S.C. § 2314, which Indictment includes a forfeiture allegation requiring the Defendant to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), "any and all property constituting or derived from the proceeds obtained directly or indirectly as a result of said offenses" [Plea Agreement, DE 21 at ¶ 1; Indictment, DE 1 at 5];

WHEREAS, the Defendant hereby agrees to the forfeiture set forth below as there is a nexus between the property identified and the offense to which he pled guilty;

AND WHEREAS, forfeiture for violations of 18 U.S.C. §§ 371 and 2314 and is

mandatory pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c),

It is hereby ORDERED, ADJUDGED and DECREED as follows:

1.     The following property is subject to forfeiture and the Defendant's interest in the property is forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c):

**<u>PERSONAL PROPERTY</u>:**
Assorted sports and trading cards seized from the Defendant's residence on or about October 14, 2021.

2.     The United States is entitled to a forfeiture money judgment against the Defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount of $50,000.00, which represents the amount of additional proceeds that he obtained as a result of the offense to which he pled guilty.

3.      Pursuant to Rule 32.2(b)(4)(A), this order of forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4.     The United States, or an agent thereof, shall forthwith seize the forfeited property and maintain or dispose of it in accordance with the law.

5.     The United States shall provide notice of the forfeiture of the above-described personal property, pursuant to Rule 32.2(b)(6)(A). There is no notice required as to the forfeiture money judgment.

6.      The above-described forfeiture money judgment constitutes a debt owed to the United States by the Defendant, and the United States may take necessary steps to satisfy said debt.

7.     The United States is authorized to conduct any appropriate discovery and necessary ancillary proceedings, pursuant to Rule 32.2(b)(3) and 18 U.S.C. § 853(n), as to the rights of third parties who may have an interest in the forfeited property or as to the collection of the money judgment or substitute assets used to satisfy the judgment.

8.     The United States may, at any time, move to amend this order of forfeiture to substitute property having a value not to exceed $50,000.00 to satisfy the money judgment in whole or in part.

9.     This Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**HAVE SEEN AND AGREED:**

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:     /s/ Haley Trogdlen McCauley
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        (859) 685-4831
        haley.mccauley@usdoj.gov


/s/ Kathryn A. Walton (with permission)
Kathryn A. Walton
P.O. Box 25073
Lexington, Kentucky 40524
(859) 619-0969
Kathy@kwaltonlawyer.com
Attorney for Defendant